**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Stephen Michael Pollock,

    Plaintiff,

v.

State of Colorado, *et al.*,

    Defendants.

No. CV-16-02740-PHX-JJT

**ORDER**

    At issue are Defendant Hon. William B. Bain's Motion to Dismiss the Amended Complaint (Doc. 43, MTD), to which Plaintiff Stephen Michael Pollock filed a Response (Doc. 50, Resp. to MTD) and Defendant filed a Reply (Doc. 52, Reply to MTD), and Defendant's Motion to Sanction Plaintiff's Attorney (Doc. 49, Mot. to Sanction), to which Plaintiff's Attorney filed a Response (Doc. 51) and Defendant filed a Reply (Doc. 53). The parties did not request oral argument on the Motions, and the Court finds these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

    Plaintiff brought this lawsuit to challenge rulings of Defendant Hon. William B. Bain, a Judge in Colorado's District Court for El Paso County, in an ongoing proceeding in which Plaintiff is a party. (Doc. 1, Compl.; Doc. 39, Am. Compl.) Plaintiff also named the State of Colorado and the District Court for El Paso County as Defendants and then voluntarily dismissed his claims against those Defendants. (Doc. 41.) The remaining Defendant, Judge Bain, now moves to dismiss Plaintiff's claims against him for lack of personal jurisdiction and failure to state a claim pursuant to Federal Rules of Civil

Procedure 12(b)(2) and 12(b)(6). (MTD at 1.) Defendant also moves for sanctions against Plaintiff's attorney pursuant to Federal Rule of Civil Procedure 11 for filing frivolous claims against Defendant. (Mot. to Sanction at 4-5.)

## I.   MOTION TO DISMISS

The Court's resolution of Defendant's Motion to Dismiss begins and ends with the first basis Defendant raises: the Court's lack of personal jurisdiction over Defendant.

### A.   Legal Standard

A federal court must have jurisdiction over the parties to adjudicate a matter. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). The party invoking the jurisdiction of the federal court has the burden of establishing that personal jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Prior to trial, the defendant may move to dismiss the complaint for lack of personal jurisdiction. *Data Disc, Inc.* 557 F.2d at 1285; Fed. R. Civ. P. 12(b)(2). When the defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is "'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

To establish jurisdiction over the defendant, the plaintiff must show that (1) the state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of jurisdiction comports with constitutional principles of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Under Arizona's long-arm statute, the exercise of personal jurisdiction is allowed to the same extent as the United States Constitution. *See* Ariz. R. Civ. P. 4.2(a); *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997); *A. Uberti & C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995) (stating that under Arizona Rule of Civil Procedure 4.2(a), "Arizona will exert personal

jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution"). A court in Arizona may exercise personal jurisdiction over a nonresident defendant when doing so comports with constitutional principles of due process. *Cybersell*, 130 F.3d at 416.

Constitutional requirements of due process require that the nonresident defendant have certain "minimum contacts" with the forum state such that the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see also Data Disc*, 557 F.2d at 1287. A court may assert general or specific jurisdiction over the nonresident defendant. *Cybersell*, 130 F.3d at 416. General jurisdiction[1] exists where the nonresident defendant's activities within a state are "substantial" or "continuous and systematic." *Data Disc*, 557 F.2d at 1287. A court may exercise specific jurisdiction where the defendant's specific contacts have a substantial connection and give rise to the claim in question. *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 (1984).

Here, Plaintiff contends that the Court has specific jurisdiction over Defendant. Whether a court may exercise specific jurisdiction in a given case turns on the extent of the defendant's contact with the forum and the degree to which the plaintiff's suit is related to the defendant's contacts. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006). The Ninth Circuit Court of Appeals uses the following approach to determine whether a court may exercise specific jurisdiction over a nonresident defendant: (1) the nonresident defendant must do some act in or consummate some transaction with the forum, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises

---

[1] The facts set forth do not support a finding that this Court has general jurisdiction over Defendant, nor does Plaintiff so argue.

out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Data Disc*, 557 F.2d at 1287.

The plaintiff bears the burden of establishing the first two requirements of the test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff establishes the first two requirements, the burden shifts to the defendant to establish that the third requirement is not met. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). All three requirements must be met for the exercise of jurisdiction to comport with constitutional principles of due process. *Omeluk*, 52 F.3d at 270.

**B.     Analysis**

In his Response to Defendant's Motion to Dismiss, Plaintiff argues that "because Defendant is issuing monetary [sanctions] against Plaintiff . . . payable from Arizona assets of the [Plaintiff], and mailing those sanctions orders to Plaintiff in Arizona, there can be no dispute that Defendant knows his actions will have an impact that will be felt in Arizona," thus satisfying the first element of the three-part specific jurisdiction test. (Resp. to MTD at 7.) As for the second element of the test, Plaintiff argues that Defendant's forum-related activities, from which Plaintiff alleges his claims arise, include "intentionally issuing rulings and directing them to Plaintiff, an Arizona resident" and "expressly seeking to use the Plaintiff's Arizona assets." (Resp. to MTD at 7-8.)

Plaintiff cites absolutely no legal authority for the Court's exercise of personal jurisdiction over Defendant in this matter, other than simply stating the legal standard, and the Court knows of none. (Resp. to MTD at 5-8.) Indeed, as Defendant points out in his Motion (MTD at 6), the Supreme Court has explicitly held that "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 134 S. Ct. 1115, 1119 (2014) (concluding that due process did not permit a Nevada court to exercise jurisdiction over a Georgia Drug Enforcement Agency officer who seized cash from airline passengers returning to

Nevada, even if he knew his conduct would affect any return of the funds to the Nevada-bound passengers, because he had no other connections with Nevada and the passengers' contacts with Nevada were insufficient to create the requisite connection between the officer and Nevada). Here, Plaintiff's connections to Arizona are of no moment in Defendant's rulings that form the basis of Plaintiff's claims in this lawsuit. From Plaintiff's allegations, the Court can only conclude that Plaintiff would have received the same rulings by Defendant regardless of the location of Plaintiff's residence or assets. In other words, the sole connection that Plaintiff has demonstrated Defendant has with Arizona is through Plaintiff. This is insufficient. *See id.* Because Plaintiff has failed to establish that Defendant has created the requisite minimum contacts with Arizona, this Court's exercise of personal jurisdiction over Defendant would not comport with constitutional principles of due process. As a result, the Court must grant Defendant's Motion to Dismiss for lack of jurisdiction and will not address the numerous other grounds upon which Defendant seeks dismissal of this case.

## II.     MOTION TO SANCTION PLAINTIFF'S ATTORNEY

Separately, Defendant filed a Rule 11 motion for sanctions against Plaintiff's attorney, seeking attorneys' fees and costs for having to defend against what Defendant argues are frivolous claims. (Mot. to Sanction at 3-4.) Rule 11 provides that a person who signs a complaint "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11 also provides that the court may impose an appropriate sanction against an attorney who violates the Rule. In examining a complaint under Rule 11, the court must determine "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (internal quotation omitted). "As a shorthand for this test, [courts] use the word

'frivolous' to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Id.* (internal quotation omitted).

Defendant argues that Plaintiff's Amended Complaint, the operative pleading, is frivolous for the same reasons he sought dismissal of Plaintiff's claims, namely, that the Court lacks personal jurisdiction over Defendant, the doctrine of judicial immunity bars suits against Defendant, and Plaintiff has no basis to claim his due process rights were violated. (Mot. to Sanction at 5-10.) Although Defendant's other arguments may have merit, the Court did not go further than determining it lacks personal jurisdiction over Defendant. And while the Court is sympathetic with Defendant that he was required to expend resources to defend against Plaintiff's claims, the Court does not find that, in this instance, Plaintiff's filing of a lawsuit in a District that lacks personal jurisdiction over Defendant rises to the level of frivolousness warranting the entry of Rule 11 sanctions— nor do the cases Defendant cited in his brief convince the Court otherwise.

IT IS THEREFORE ORDERED granting Defendant Hon. William B. Bain's Motion to Dismiss the Amended Complaint (Doc. 43). The Court dismisses Plaintiff's claims against Defendant Judge Bain with prejudice.

IT IS FURTHER ORDERED denying Defendant's Motion to Sanction Plaintiff's Attorney (Doc. 49).

IT IS FURTHER ORDERED that, because Plaintiff voluntarily dismissed his claims against Defendants State of Colorado and District Court for El Paso County (Doc. 41) and the Court now dismisses Plaintiff's claims against Defendant Judge Bain, the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 3rd day of April, 2017.

_____
Honorable John J. Tuchi
United States District Judge